IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TORRE WILLIAMS, #K-91300, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv–01525−NJR ) |
| K. SMOOT, JEFF DENNISON, and DR. DAVID, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Torre Williams brings this action for deprivations of his constitutional rights at Shawnee Correctional Center (Shawnee) pursuant to 42 U.S.C. § 1983. (Doc. 1). Specifically, Plaintiff complains about the denial of adequate medical care for his hypertension and unsafe conditions of his confinement at Shawnee. (Doc. 1, pp. 6-12). He asserts claims against Doctor David (physician), Karen Smoot (health care unit administrator), and Jeff Dennison (warden) under the Eighth and Fourteenth Amendments. *Id*. Plaintiff seeks money damages. (Doc. 1, p. 12).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint, Plaintiff suffers from hypertension. (Doc. 1, p. 8). For fifteen years, he has managed his high blood pressure with Clonidine. In June 2017, after transferring to Shawnee, Doctor David cancelled his prescription. Within two weeks, Plaintiff's blood pressure rose to dangerously high levels. He suffered from dizziness, pain, and numbness on one side of his body. Plaintiff reported these symptoms and a suspected stroke to Doctor David, but the doctor refused to "remedy the situation" with medication or treatment. In response to Plaintiff's grievances, Administrator Smoot ordered blood pressure checks but no medication, and Warden Dennison denied the grievances. (Doc. 1, pp. 8, 10).

Plaintiff suffered a seizure[1] on April 12, 2018, and he also complains about the lack of panic buttons in prison cells. (Doc. 1, p. 10). Inmates had to beat on their cell doors until officers arrived. Plaintiff filed a grievance to complain about this dangerous condition, but the prison's chief engineer denied it after explaining that the cells have never had panic buttons. *Id*.

## Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint, as follows:

**Count 1:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his hypertension at Shawnee beginning in June 2017, when he was taken off of his blood pressure medication and suffered from a suspected stroke.

**Count 2:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at Shawnee by refusing to install panic buttons in each cell.

**Count 3:** Fourteenth Amendment equal protection or due process claim against Defendants for refusing to install panic buttons in each cell.

---

[1] Plaintiff draws no connection between the denial of treatment for his hypertension and the seizure.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim not identified above but encompassed by the allegations in the Complaint shall be considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**

**Count 1**

To state an Eighth Amendment claim for the denial of medical care, Plaintiff must show that (1) he suffered from a sufficiently serious medical condition (objective standard), and (2) state officials responded to it with deliberate indifference (subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). Plaintiff's allegations satisfy both components of this claim at screening; his hypertension was diagnosed by a physician as requiring medication for fifteen years and resulted in a suspected stroke when left untreated by the defendants. *See Ortiz v. City of Chicago*, 656 F.3d 523, 526, 533 (7th Cir. 2011) (hypertension, diabetes, thyroid, and asthma considered objectively serious conditions). *But see Jackson v. Pollion*, 733 F.3d 786 (7th Cir. 2013) (slight elevation in blood pressure over short term not sufficiently serious to support claim). *See also McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016) (custodians not excused from ensuring adequate treatment for inmates with chronic or degenerative conditions simply because resulting harms may remain latent or have not yet caused acute of life-threatening injuries) (citations omitted). Count 1 shall receive further review against all three defendants.

**Counts 2 and 3**

In conclusory fashion, Plaintiff alleges that the lack of panic buttons in Shawnee's cells violated his rights under the Eighth Amendment Cruel and Unusual Punishment Clause and the Fourteenth Amendment Equal Protection and Due Process Clauses. Unfortunately, however, he does not mention any of the defendants in connection with these claims. To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Complaint does not describe how the defendants

were involved in any violation of Plaintiff's rights under the Eighth or Fourteenth Amendments as a result of the lack of panic buttons in Plaintiff's cell. Counts 2 and 3 shall therefore be dismissed without prejudice against them.

The only person who is identified in connection with these claims is the chief engineer, an individual who is not named as a defendant. When parties are not listed in the caption, this Court will not treat them as defendants. Any claims against them should be considered dismissed without prejudice. FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, the claims in Counts 2 and 3 against the chief engineer are considered dismissed without prejudice.

### **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). A district court faced with a request for counsel must ask two questions: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). Plaintiff discloses no efforts to locate counsel and identifies no impediments to doing so. (Doc. 3, p. 1). Plaintiff also appears capable of representing himself in this matter, given his coherent and organized pleadings and lack of other impediments to *pro se* litigation (*e.g.*, mental health, medical, or language barriers). Although the Court deems it inappropriate to recruit counsel at this time, Plaintiff may renew his request after making attempts to locate counsel on his own or explaining why he is unable to do so.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendants **SMOOT, DENNISON,** and **DAVID** in their individual capacities. The official capacity claims against the defendants are **DISMISSED** without prejudice.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against the defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **K. SMOOT, JEFF DENNISON,** and **DR. DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 24, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**