## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TORRE WILLIAMS,

                **Plaintiff,**

v.                                  **Case No. 18-CV-01525-NJR**

DR. ALFONSO DAVID, JEFFREY
DENNISON, and KAREN SMOOT,

                **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Gilbert Sison (Doc. 58), which recommends that the Motions for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Dr. Alfonso David, Karen Smoot, and Jeffrey Dennison be denied. Furthermore, pursuant to Plaintiff Torre Williams's request to remove Defendant Smoot from the case, it is also recommended that the Court dismiss Smoot from this matter.

The Report and Recommendation was entered on October 3, 2019. Defendant David filed a timely objection to the Report and Recommendation on October 21, 2019 (Doc. 59). For the reasons explained below, the Court grants Defendants' Motions for Summary Judgment.

### <u>BACKGROUND</u>

Williams was incarcerated at Shawnee Correctional Center ("Shawnee") at all times

relevant to this case.[1] Following an initial screening of the complaint pursuant to 28 U.S.C. § 1915A, Williams proceeds in this action on the following claim:

Count 1: **Eighth Amendment claim against Defendants for denying Williams adequate medical care for his hypertension at Shawnee beginning in June 2017,[2] when he was taken off of his blood pressure medication and suffered from a suspected stroke.**

(Doc. 6, p. 2). On March 28, 2019, Defendants David and Dennison jointly with Smoot filed Motions for Summary Judgment based on Williams's failure to exhaust administrative remedies (Docs. 33 and 36). First, Defendants asserted Williams did not receive a final decision from the Administrative Review Board ("ARB") because his June 14, 2018 grievance was returned to him due to insufficient information. The ARB concluded that there would be no further redress on Williams's grievance because it was not submitted in the proper timeframe required (Doc. 33, p. 6; Doc. 37, p. 5). Second, Defendants asserted that Williams did not mention them in his grievance. *Id.*

On April 22, 2019, Williams filed Responses in Opposition to Defendants' Motions for Summary Judgment arguing that he did exhaust his administrative remedies. Regarding Defendant Dennison, Williams contends that Dennison, as the Chief Administrative Officer ("CAO"), signed off on the emergency grievance procedure outlined in 20 ILL. ADMIN. CODE § 504.840 (2003). Furthermore, Dennison did not cite any procedural defect in Williams's emergency grievance, and it was expedited to the ARB (Doc. 38, p. 2). With respect to Defendant David, Williams asserts that he sufficiently referenced David in his

---

[1] At the time of this Memorandum and Order, Williams had been released from Shawnee (Docs. 60, 62).
[2] The initial screening states June 2017, however, Williams's grievance is dated June 2018 (Doc. 34, p. 24).

grievance as he gave descriptive information by referring to the "doctor who took him off his medication." (Doc. 40, p. 2). Furthermore, Williams maintains that he did correctly state the date of the incident on his grievance as June 13, 2018, but he placed it on the "Date of Report" line (Doc. 40, p. 3).

On September 19, 2019, Judge Sison held a hearing on Defendants' Motion for Summary Judgment (Doc. 54) pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Judge Sison found Williams's testimony (that he included that date of the incident in his grievance) credible and rejected Defendants' arguments that Williams failed to correctly reference them in his grievance.

### THE REPORT AND RECOMMENDATION

Judge Sison recommends denying Defendants' Motions for Summary Judgment. Specifically, Judge Sison found that Williams exhausted his administrative remedies because the ARB did issue a final ruling on the merits of Williams's June 14, 2018 grievance[3] (Doc. 58, p. 9). Specifically, Judge Sison relied on Williams's testimony at the *Pavey* hearing that he included the June 13, 2018 date (of the incident) at the top of his grievance report contrary to Defendants' assertions (Doc. 57, p. 22, ¶¶ 9-10). Judge Sison highlighted that there was a conflict over whether the ARB rejected Williams's grievance on procedural grounds or on the merits (Doc. 58, p. 9).

The ARB rejected Williams's grievance because it found that he did not include the date of the incident, however, the ARB also stated that Williams should continue seeing the

---

[3] Judge Sison mistakenly refers to the June 14, 2018 grievance as the June 18, 2018 grievance in his Report and Recommendation.

Health Care Unit ("HCU") as needed. *Id.* Judge Sison viewed the record in the light most favorable to Williams and concluded the ARB did issue a final decision on the merits of Williams's grievance (Doc. 58, p. 9).

Judge Sison also rejected Defendants' argument that Williams failed to reference them in his grievance (Doc. 58, p. 10). Williams provided enough information for the prison to identify Defendant David as the doctor that took him off his hypertension medication. *Id.* at p. 11. Judge Sison determined that Defendant Dennison could be liable for deliberate indifference because he was the CAO who signed off on Williams's emergency grievance. *Id.* at p. 12.

## LEGAL STANDARDS

### I. *De Novo* **Review Standard**

Here, Defendant David filed a timely objection to the Report and Recommendation (Doc. 59). "Under Rule 72(b) of the Federal Rules of Civil Procedure, the district court judge must make a *de novo* determination only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); FED. R. CIV. P. 72(b). This requires the Court to look at all evidence contained in the record, give fresh consideration to those issues specifically objected to, and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993) (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739; FED. R. CIV. P. 72(b). A finding is 'clearly erroneous' when although there is evidence to support it, the Court is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Harper*, 824 F. Supp. at 788.

## II.   Summary Judgment Standard

Defendants, as the moving parties in this summary judgment motion, have the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Any doubt as to the existence of a genuine issue must be resolved against the moving party." *Deblasio v. Baldwin*, 2020 U.S. Dist. LEXIS 5035, at *18 (S. D. Ill, Jan. 13, 2020) (citing *Adickes*, 398 U.S. at 160). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When deciding a motion for summary judgment, the Court "does not evaluate the weight of the evidence, judge the credibility of the witnesses, or determine the ultimate truth of the matter." *Hartford Fire Ins. Co. v. Taylor*, 903 F. Supp. 2d 623, 646 (N.D. Ill. 2012) (citing *Anderson*, 477 U.S. at 249-50). Instead, the Court must ascertain whether a genuine issue of triable fact exists. *Id.*

### III.     PLRA Exhaustion of Remedies Standard

Defendant David made only one objection to Judge Sison's Report and Recommendation:  Williams did not obtain a final ruling from the ARB on his emergency grievance, and as a result, Williams failed to exhaust his administrative remedies (Doc. 59, p. 2).

The Prisoner Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011); *see also Chavez v. Cunningham*, 2020 U.S. Dist. LEXIS 11082, at *10 (S.D. Ill. Jan. 23, 2020). § 1997e(a) requires 'proper exhaustion'; "that is, the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." *Id.* at 720-721 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). Specifically, the inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust remedies under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants have the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, a suit filed by an inmate before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "All dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Illinois Department of Corrections ("IDOC") has outlined the emergency grievance procedure and appeal process for offenders. An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis. *Id.* at § 504.840(a). If the CAO determines that the grievance shall be handled on an emergency basis, he shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken. *Id.* at § 504.840(b). The inmate may appeal the CAO's decision and the appeal must be received by the ARB within 30 days after the date of the decision. 20 ILL. ADMIN. CODE § 504.850(a)(b). The Director shall review the findings and recommendations of the ARB and make a final determination of the grievance within six months after receipt of the appealed grievance. *Id.* at § 504.850(e). Where the inmate is appealing an emergency grievance, the ARB shall expedite processing of the grievance. *Id.* at § 504.850(f).

## ANALYSIS

"Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox*, 655 F.3d at 722. Here, the ARB rejected Williams's June 14 grievance on procedural grounds and requested additional information. Thus, Williams failed to exhaust his administrative remedies, and Defendants are entitled to summary judgment.

The record is clear that Williams filed this June 14, 2018 grievance as an emergency grievance (Doc. 34, p. 24). Williams's Grievance Officer, Allard, deemed the grievance moot as Williams's concerns were being addressed, and he was being seen by the HCU. *Id.* at p. 23. The CAO, Defendant Dennison, concurred with his recommendation. *Id.* Williams appealed this decision to the ARB. *Id.* The ARB returned Williams's grievance without review and asked for additional information, finding that Williams did not cite the date of the incident. *Id.* at p. 22. Furthermore, the ARB concluded that there would be no further redress because Williams's grievance was not submitted in the timeframe outlined by Department Rule 504. *Id.* Most importantly, in the "other" comment box, S. Benton specifically states "offenders grv fails to meet DR 504.810. No report dated 6/13/18. No review. Continue to see HCU as needed." *Id.* Benton's comment stating "Continue to see HCU as needed" does not change the fact that the ARB did not issue a ruling on the merits of Williams's grievance.

The IDOC grievance procedures require an inmate to include in a grievance what happened, where it happened, *when* it happened, and who was involved. 20 ILL. ADMIN. CODE § 504.850(b). Williams argues that the CAO did not tell him his grievance was procedurally deficient, and he had always written the incident date on the "Date of Report" line in his prior grievance reports (Doc. 38, p. 2, ¶ 5; Doc. 40, p. 3, ¶ 6). Nonetheless, the fact remains that this particular June 14 grievance was found procedurally deficient by the ARB because Williams did not cite the date of the incident in the "Summary of Grievance" section (Doc. 34, p. 24-25). The ARB returned the grievance to Williams giving him an opportunity to cure the defect, and he failed to do so. Williams did not provide a supplemental grievance

with the information the ARB requested; his grievance did not give prison officials a fair opportunity to address his complaint. *Conley v. Birch*, 2012 U.S. Dist. LEXIS 133564, at *11 (S.D. Ill. Sept. 19, 2012) (finding that while Conley's first grievance was returned by the ARB due to lack of specifics, Conley provided a supplemental grievance with the requested information satisfying IDOC's grievance procedure requirements).

After conducting a *de novo* review of Defendant David's objection to Judge Sison's Report and Recommendation and a clear error review of the remaining unobjected portions, the Court concludes that Williams failed to exhaust his administrative remedies prior to filing suit.

## CONCLUSION

For these reasons, the Court **ADOPTS in part and REJECTS in part** Magistrate Judge Sison's Report and Recommendation (Doc. 58). The Court **ADOPTS** the recommendation that Defendant Smoot be dismissed from this case. The Court respectfully **REJECTS** the recommendation that Williams exhausted his administrative remedies before filing this lawsuit. As a result, the Court **GRANTS** the Motions for Summary Judgment filed by Defendants David, Dennison, and Smoot (Docs. 33, 36). Plaintiff's claims against Defendants are **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: March 18, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**